**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **Zhengzhoukangpeiningkejiyouxiangongsi,**<br><br>        Plaintiff,<br><br>v.<br><br>**James Smythe, and Leah Smythe,**<br><br>        Defendants. | **Case No.**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Zhengzhou Kangpeining Technology Co. Ltd. ("Plaintiff", also known as peonetic name: Zhengzhoukangpeiningkejiyouxiangongsi) brings this complaint against James Smythe, and Leah Smythe (together as "Defendants") and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment of non-infringement arising under the patent laws of the United States, 35 U.S.C. §100 *et seq*. and the United States Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202.

2. Specifically, Plaintiff requests this relief because Defendants recently accused Plaintiff of patent infringement. Plaintiff sells products through Amazon.com. Defendants recently filed a complaint with Amazon against Plaintiff, alleging that Plaintiff's foot rest ("Non-Infringing Product") infringe U.S. Design Patent No. D915,790 ("the '790 Patent") (Attached as Exhibit 1). Plaintiff received notice regarding this complaint on or around June 2, 2025 (Attached as Exhibit 2). Under Amazon's intellectual property notice program, Amazon will remove product listings from its marketplace if an individual or entity submits a report alleging that a product's listings infringe its intellectual property rights and Plaintiff cannot resolve the claim with the patent owner (*i.e.*, James Smythe and Leah Smythe). The parties are unable to reach a compromise.

3. An actual justiciable controversy exists between Plaintiff and Defendant that warrants the issuance of a judgment declaring that Plaintiff, by its manufacture, use, offer for sale, sale, and/or import of its Non-Infringing Product has not infringed, or otherwise violated the patent or other intellectual property rights of Defendants under U.S. or applicable state law.

4. An actual justiciable controversy exists between Plaintiff and Defendants that warrants the issuance of a judgment declaring that Plaintiff does not infringe the Defendants' patent.

9

5. Defendant's intended assertion of claims of patent infringement based on Plaintiff products has threatened Plaintiff's business, and has created a present, genuine, and justiciable controversy between Plaintiff and Defendant. For these reasons, and as alleged more particularly herein, Plaintiff brings this action for a declaratory judgment, pursuant to 28 U.S.C. §§2201 and 2202, to declare that Plaintiff does not infringe the Defendant's patent.

## THE PARTIES

6. Plaintiff is a private Chinese company.

7. Upon information and belief, Defendants are the right owners of U.S. Design Patent No. D915,790.

8. Upon information and belief, and based on contentions by Defendants in its complaint filed with Amazon, Defendants claim to own the '790 Patent by assignment.

## JURISDICTION AND VENUE

9. The Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331, 1338, 2201, and 2202.

10. The Court also has supplemental jurisdiction over this action under 28 U.S.C. § 1367(a).

11. This Court has personal jurisdiction over the parties, and venue in this judicial district is proper under 28 U.S.C. §§1391 and/or 1400. This Court has personal jurisdiction over Defendants since, on information and belief, Defendants directly targets business activities toward customers in all 50 of the United States, including Illinois, through at least the fully interactive e-commerce storefronts on Amazon.com. Specifically, Defendants has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers, offering to ship to the United States, including Illinois, accepting payment in U.S. dollar and, on information and belief, has sold products to residents in Illinois.

9

In addition, Defendants have directed its patent assertion campaign at Plaintiff among others by, inter alia, seeking to enjoin Plaintiff's business by reporting Plaintiff as an alleged infringer of the '790 Patent through a private, third-party tribunal (discussed below), impacting Plaintiff's business in the United States, including Illinois. This process carries significant legal and business consequences to Plaintiff based on Defendants' allegations that Plaintiff has infringed the '790 Patent by making, using, selling, offering to sell, and/or importing allegedly infringing goods in, from, and into the state of Illinois.

## FACTUAL BACKGROUND

12. On April 13, 2021, the United States Patent and Trademark Office issued the '790 Patent.

13. Defendants purport to own the right, title, and interest in the '790 Patent by assignment, including the right to license, sell, and enforce the '790 Patent.

14. On or around June 2, 2025, Defendants reported Plaintiff to Amazon.com to initiate an e-commerce patent enforcement action ("Amazon Complaint") against Plaintiff to terminate Plaintiff's commercial activities in the Amazon marketplace, which accounts for a significant portion of Plaintiff's business. Attached hereto as Exhibit 2 is a true and correct copy of the notification of the Amazon Complaint sent to Plaintiff.

15. That same date, in response to Defendant's Amazon Complaint, the Amazon marketplace notified Plaintiff that its Non-Infringing Products were removed under the pretext that the ASIN-in-question may infringe the '790 Patent if Plaintiff is unable to resolve the claim directly with Defendants, or if Defendants do not challenge the infringement claim in court.

16. Unless a declaratory judgment complaint is filed and a court order granting relief sought herein, the Amazon marketplace will not reinstate Plaintiff's Non-Infringing Products consisting of at least ASIN(s): B0C6XNW7DS attacked by Defendants under the pretext that the ASIN(s) may infringe the '790 Patent.

9

17. Defendants' course of conduct is not warranted under law, has anticompetitive effects on the market, and restrains Plaintiff's ability to compete fairly.

18. Plaintiff has at all times acted in good faith with respect to Defendants' alleged patent rights. Plaintiff's Non-Infringing Products do not infringe the '790 Patent because an ordinary oberserver, considering the design as a whole, would not think that he Non-Infringing Product's deign and '790 patent are "substantially the same." ("Ordinary Observer Test")

## CLAIM I
## DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT
## (U.S. DESIGN PATENT NO. D915,790 )

19. Plaintiff restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

20. Defendants have contended that Plaintiff's Non-Infringing Products infringe at least one claim of the '790 Patent.

21. Plaintiff does not infringe any valid and enforceable claim of the '790 patent under Ordinary Observer Test, via Plaintiff's manufacture, use, offer for sale, sale, and/or import of the Non-Infringing Products.

22. Plaintiff has never manufactured, used, offered for sale, sold, or imported any products or services that infringe any valid and enforceable claim of the '790 patent.

23. Under U.S. patent law, design patent infringement occurs when an "ordinary observer", considering the design as a whole, would think that the two designs are "substantially the same." *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1239-40 (Fed. Cir. 2009), quoting *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 676 (Fed. Cir. 2008).

24. The '790 patent recites one independent claim with 5 drawing sheets. The product Plaintiff sells on Amazon is not "subtantially the same" as '790 Patent under the Ordinary Observer Test . A claim chart that compares Plaintiff's product design with the accused '790 patent is attached hereby as Exhibit 3. In each of the charts, it is clear that the product is not "subtantially the same" as the accused patent.

25. Plaintiff's Non-Infringing Product's **inner core features several holes**, whereas the '790 Patent does not disclose any such holes. With the exception of the front and top views, all remaining views in the Plaintiff's Non-Infringing Product **present a continuous and smooth surface without any such visual or structural divisions**. In contrast, the '790 Patent displays partition break lines, indicating distinct segmented areas.

26. Plaintiff's Non-Infringing Product's cover includes **a top-positioned first zipper, a bottom-positioned second zipper, and a side handle**. These structural and visual elements are entirely absent from the '790 Patent, which does not disclose any zippers or handles in the corresponding locations.

27. Plaintiff's Non-Infringing Product's top **exhibits a two-layer structure, where the pocket is joined to the cover via a zipper**. These design elements — **the layered construction and the zipper connection** — are not shown or disclosed in the '790 Patent.

28. Based on the detailed claim chart analysis above, Plaintiff's Non-Infringing Products do not infringe the '790 Patent under Ordinary Observer Test.

29. There exists a present, genuine, and justiciable controversy between Plaintiff and Defendants warranting issuance of a declaration by the Court that no valid and enforceable claim of the '790 Patent has been infringed under Ordinary Observer Test, by Plaintiff or its customers, including through their manufacture, use, offer for sale, sale, and/or import of the Plaintiff's Non-Infringing Products.

30. Defendants' allegations of infringement of the '790 Patent are baseless and exceptional, thus warranting an award of Plaintiff's attorneys' fees under 35 U.S.C. §285.

9

## CLAIM II

## TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONS

31. Plaintiff restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

32. Plaintiff has had an advantageous business relationship with Amazon, which allows Plaintiff to sell on Amazon's e-commerce platform as a third-party seller.

33. Plaintiff also has a contractual relationship with Amazon.

34. Defendants knew of Plaintiff's business and contractual relationship with Amazon.

35. Defendants intentionally and improperly interfered with Plaintiff's advantageous and contractual relationship with Amazon by wrongfully complaining, in writing, to Amazon that Plaintiff was selling infringing products.

36. Defendants' conduct directly and proximately caused disruption of Plaintiff's relationship and contract with Amazon.

37. Defendants intended to cause Amazon to suspend Plaintiff's ability to sell the Non- Infringing Products on Amazon and, therefore, interfered with the contractual and business relationship between Amazon and Plaintiff.

38. Defendants had actual knowledge that its actions would cause Amazon to suspend Plaintiff's listings and the ability to sell the Non-Infringing Products on Amazon.

39. Defendants' accusations were false and were made maliciously and with ill will.

40. Plaintiff has been damaged by the suspension of these listings by losing revenue related to the suspended listings.

41. Plaintiff is entitled to damages, costs and attorneys' fees as allowed by law.

42. Plaintiff has suffered injury and, unless Plaintiff is enjoined from further such activity, will continue to suffer injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. Declaratory judgment that the '790 Patent is not infringed by Plaintiff.

2. An injunction against Defendants and their agents, attorneys, and all persons and entities in concert, privity, or participation with any of them ("enjoined parties") as follows:
   A. Restraining and enjoining, preliminarily and permanently, any assertion of the Patent-in-Suit against Plaintiff; and
   B. Requiring that Defendants provide written notice of the injunction to all enjoined parties.

3. Judgment that this case is exceptional under 35 U.S.C. §285 due to the Defendants' anticompetitive actions aimed at eliminating a competitor's product by falsely claiming that the Non-Infringing Products infringe, despite them not actually infringing.

4. Judgment awarding Plaintiff of its damages for Defendants' tortious interference with the contract and relationship between Plaintiff and Amazon.

5. Judgment awarding Plaintiff its attorneys' fees and costs incurred in this action to vindicate its legal rights and to restore its ability to compete fairly.

6. That Defendants be ordered to pay Plaintiff pre-judgment interest on all sums awarded.

7. That Plaintiff be awarded punitive damages for Defendants' tortious conduct.

8. That Plaintiff be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Dated: June 16, 2025                                   Respectfully submitted,


                                                       */s/ Julie Guo*
                                                       Julie Guo
                                                       JS Law
                                                       99 Park Avenue, Suite 1100,
                                                       New York, NY 10016
                                                       sellersusip@gmail.com

                                                       *ATTORNEY FOR PLAINTIFF*